M. B. RHINEHART, Respondent, v. THE PEOPLES BANK et al., Appellants.

St. Louis Court of Appeals, May 7, 1901.

1. **Practice, Appellate:** PETITION, ALLEGATIONS OF: FINDING OF COURT: RECORD. In the case at bar, the plaintiff's petition states a cause of action and the record discloses that the allegations of the petition are sustained by the great weight of the testimony, and the finding of the lower court in favor of plaintiff is not open for review under the record as it exists.

2. **Bank Cashier, his Duties:** DEPOSITS IN BANK. The reception of deposits is within the strict scope of the duties of the cashier and general manager of a bank, and the information so acquired by him is imputable to his principal.

3. ———: ———: CONVERSION. And the subsequent use by a bank, of money so deposited, and its refusal to account to plaintiff therefor, amounts to a conversion on its part.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

The plaintiff is a married woman and sues the defendant, which is a co-partnership engaged in the banking business, for the conversion of two thousand dollars, which the petition alleges was the proceeds of the undivided one-half interest in a tract of land owned by plaintiff to her sole and separate use, which she and her husband by joint deed had conveyed to one

M. J. Conran. This instrument of conveyance she and her husband placed in the hands of the cashier and general manager of the defendant bank, with instructions to him to deliver the same upon the payment in full of the purchase money, and of the proceeds of the purchase money to deposit two thousand dollars to the credit of plaintiff. The petition further alleges that the defendant bank, through its said manager and cashier, collected the full purchase money for said land, and placed the entire sum to the credit of plaintiff's husband, with full knowledge that two thousand dollars thereof was the sole and separate property of the plaintiff, and in violation of its agreement to receive that sum on deposit to her account; that the defendant bank has refused and failed (although often requested so to do) to pay over the aforesaid sum to plaintiff; wherefore she asks judgment.

The answer was a general denial. The case was submitted to the court without a jury. No instructions were asked or given. There was a judgment in favor of plaintiff, from which defendant has appealed.

*J. R. Brewer* and *Russell & Deal* for appellants.

(1) Hunter, in writing the deed and taking the acknowledgment, was acting outside of his line of duty as cashier of the bank, and even if the deed had been left with him in escrow he would have been acting outside of his duty as cashier, and, hence, the bank is not liable. Marshall v. Bank, 76 Mo. App. 92; Burris v. Bank, 70 Mo. App. 678; Bank v. Gailmartin, 17 L. R. A. 322. This is a suit for conversion or trover, and can not be maintained. Trover does not lie for money unless specifically set apart. This money was properly paid out to the party from whom received. Petit v. Bouju, 1 Mo. 64; Graves v. Dudley, 20 N. Y. 76. (2) Whether Hunter was requested

to hold the deed for plaintiff, collect the money and deposit $2,000 of the same, is a disputed question, but it is certain that the deed conveyed some of his land as well as hers, and he had a right to retain the deed. No one swears Hunter got and kept the deed, except her loose statement shown to be without knowledge. She says she last saw it "lying on the desk;" she does not know who got it. She does not claim that she delivered it to Hunter. Hunter says he did not hold it; Johnson so states, and Conran says Rhinehart delivered the deed to him. (3) When Rhinehart delivered the deed, which fact is not disputed, he was entitled to receive the purchase money. If he was agent enough to deliver the deed for her, he was agent enough to collect the money. He did collect the proceeds, in a check on a different bank, payable to himself.

*Rob't S. Rutledge* for respondent.

(1) The deed was left at the People's Bank with the genoral manager. It was written there. Conran says he was to pay the money there and get the deed there, and that Mrs. Rhinehart said to him, "I will leave the deed here, you can get it by paying the money." When Conran went to pay for the deed he found it there. She left it in the possession of the bank. The bank parted with it; the deed or the money must be returned to her. It has not been done. She can maintain this action. No contention to the contrary was made at the trial. Trust money does not have to be distinguished by earmarks. Hockensmith v. Hockensmith, 57 Mo. App. 374; Williams v. Wall, 60 Mo. 318; Bank v. Metcalf, 40 Mo. App. 494. (2) As to the motion for a new trial. The People's Bank held for collection, a note against Welshans, left there by Mrs. Rhinehart. Counsel for plaintiff in this case had had an execu-

tion levied against Welshans' wheat about August 27, 1900 (before this motion came up in September), and Matt Conran garnisheed. Welshans became angered. Lee Hunter knew this fact, and procured Welshans to make the affidavit in support of the motion for a new trial. Welshans was sworn and examined. He testified that Mrs. Rhinehart came to town that day. She and Poston Till said she did not. Welshans testified she was in Conran's store. Conran says he did not see her that day. Welshans testified Conran wrote out the check in his (Conran's) office. Conran says he wrote it out at the People's Bank. Welshans did not remember who came to town with him that day; he remembered nothing but that he saw the deed and the check. He did not know who was named as grantee in the deed, or whether it was acknowledged or not. The affidavit was not made and sworn to until the eighteenth of September, 1900, although Welshans says that he told Lee Hunter about it soon after the trial of the cause in March. The trial court committed no error in overruling the motion for a new trial. Wilkerson v. Farnham, 82 Mo. 672; Mayor of Liberty v. Burnes, 114 Mo. 426; Deen v. Chandler, 44 Mo. App. 338.

BOND, J.—A careful examination of the record discloses that the allegations of plaintiff's petition are sustained in every essential part by the great weight of the testimony. If, therefore, the petition stated a cause of action, the finding in favor of plaintiff is not open for review under the record before us.

It is perfectly plain that the reception of deposits is within the strict scope of the duties of the cashier and general manager of a bank, and that information acquired by him in so acting is imputable to his principal. Leonard v. Latimer, 67 Mo. App. 138. The theory of the petition is, that with full knowledge that two thousand dollars of the check, given by the purchaser

of the land, belonged to plaintiff, the cashier and general man-
ager of the defendant bank applied the whole of the collection
of such check to the credit of the payee therein (the husband),
and delivered to the drawer of the check the deed executed by
the plaintiff for the conveyance of her land, in violation of his
express agreement with plaintiff that he would collect the sum
evidenced by such check and place two thousand dollars thereof
to her credit as a depositor of the bank, of which he was the
cashier and general manager. The knowledge had by its cash-
ier and manager, in the matter of the reception of deposits for
plaintiff, was the knowledge of the bank. The subsequent use
of the money by the bank and its refusal to account to plaintiff
therefor, amounted to a conversion on its part, and also gave the
plaintiff the right to enforce against it a trust for the money
belonging to her, which it had received with such knowledge and
failed to account for. She chose the remedy for conversion.
The trial court, upon abundant evidence, made a finding in her
favor. No exceptions to anything occurring at the trial have
been preserved for review. The judgment is, therefore,
affirmed. All concur.